UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK COLLINS, INC.,

        Plaintiff,

vs.

Case No. 11-cv-15231
HON. GEORGE CARAM STEEH

JOHN DOES 1-23,

        Defendants.
_____/

## ORDER GRANTING MOTION TO QUASH IN PART AND SEVERING DOE DEFENDANTS 2-23

### I.  Introduction

This case is one among many cases filed nationwide by copyright owners[1] alleging that John Doe defendants downloaded their films without authorization using a peer-to-peer ("P2P") file sharing network known as BitTorrent. Plaintiff, Patrick Collins, Inc., the owner of United States Copyright Registration Number PA0001745322, for the motion picture

---

[1] Plaintiff itself has filed a number of nearly identical lawsuits against Doe defendants in federal district courts across the country. *See Patrick Collins, Inc. v. John Does 1-54*, No. 11-cv-1602-PHX-GMS, 2012 U.S. Dist. LEXIS 36232 (D. Ariz. March 19, 2012); *Patrick Collins, Inc. v. Does 1-58*, No. 3:11-cv-531-JAG, 2011 U.S. Dist. LEXIS 120235 (E.D. Va. Oct. 5, 2011); *Patrick Collins, Inc. v. Does 1-2,590*, No. C-11-2766, 2011 U.S. Dist. LEXIS 140913 (N.D. Cal. Dec. 7, 2011); *Patrick Collins, Inc. v. John Does 1-33*, No. 11-cv-02163, 2012 WL 415424 (D. Colo. Feb. 8, 2012); *Patrick Collins, Inc v. Does 1-22*, No. 11-cv-01772, 2011 WL 5439005 (D. Md. Nov. 8, 2011).
    In fact, on the same date that plaintiff filed the present action, plaintiff also filed three similar cases involving copyright infringement of other works in this district. *See Patrick Collins, Inc. v. Does 1-21*, No. 2:11-cv-15232-DPH; *Patrick Collins, Inc. v. Does 1-30*, No. 2:11-cv-15236-PDB; *Patrick Collins, Inc. v. Does 1-27*, No. 4:11-cv-15237-MAG.

"Gangbanged" (the "Work"), filed the instant action alleging claims of direct and indirect copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* against twenty-three John Doe defendants.

On December 1, 2011, the magistrate judge assigned to this matter entered an order allowing plaintiff to serve third party subpoenas on defendants' Internet Service Providers ("ISP") prior to a Rule 26(f) conference. Plaintiff has no identifying information concerning the Doe defendants other than their IP addresses, a unique numerical identifier that is automatically assigned to an internet user by the user's ISP. Defendant John Doe's ISP, Comcast, was served with a Rule 45 subpoena and defendant John Doe now moves to quash or modify subpoena and to sever.

## II.    Factual Background

BitTorrent is one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data. Its popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In other words, to reduce the load on the source computer, rather than downloading a file from a single source computer, the BitTorrent protocol allows users to join a "swarm" of computers and upload and download files from each other.

According to plaintiff the Doe defendants installed a BitTorrent client onto his or her computer. The BitTorrent Client is a software program that implements the BitTorrent protocol. Once installed, the BitTorrent Client serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol. A BitTorrent user who wants to upload a new file to share with others, known as the "initial seeder" starts by creating a "torrent" descriptor file using the BitTorrent Client installed on the computer. The

BitTorrent Client takes the target computer file, the "initial seed," here the copyrighted Work, and divides it into identically sized groups of bits known as "pieces."  The Client then gives each one of the Work's pieces a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the "torrent" file.

The torrent file also has an "announce" section which specifies the URL (Uniform Resource Locator) of a "tracker," which directs a peer user's computer to other peer users' computers that have particular pieces of the Work and facilitates the exchange of data among the computers.

The BitTorrent protocol causes the initial seed's computer to send different pieces of the Work to other peers seeking to download the Work.  Once a peer receives a piece of the Work, the protocol enables transmission of this piece to other peers.  In this way, all of the seeders work together in what is known as a "swarm."

Plaintiff's investigators, IPP Limited, were tasked with identifying the IP addresses that are using the BitTorrent protocol to reproduce the Work.  IPP Limited used forensic software named International IPTracker v1.2.1.  This software enabled IPP Limited to determine that the IP addresses associated with the Doe defendants (identified on exhibit A to the complaint) connected to the investigative server in order to transmit a full copy, or portion thereof, of a digital media file identified by hash value of 8F7C963137369F5A874A32E468C1D432DAFOB859.  Therefore, plaintiff alleges that each Doe defendant copied a piece of plaintiff's Work and were part of the same series of transactions because they all were part of the same "swarm" of peer users.

### III. LAW & ANALYSIS

#### A. Permissive Joinder

Federal Rule of Civil Procedure 20(a)(2) allows the joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "The purpose of Rule 20 is to promote efficiency, as joining all interested parties in one proceeding encourages resolution of the dispute, avoids overlapping litigation, and ensures that single judgment binds all interested parties, thereby avoiding inconsistent outcomes and multiple litigation." *Nilssen v. Universal Lightning Technologies, Inc.*, No.3:04-0080, 2005 WL 1971936, *4 (M.D. Tenn. 2005). Therefore, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; and joinder of claims, parties, and remedies is strongly encouraged." *Call of the Wild Movie v. Does* 1-1,062, 770 F. Supp. 2d 332, 339 (D.D.C. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1996)). The remedy for improper joinder is severance under Rule 21 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 21. "[I]t is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Id.* at 342.

Defendant Doe argues that this court should quash the subpoenas served upon the Doe defendants because the plaintiff has improperly joined the putative defendants under Rule 20(a) of the Federal Rules of Civil Procedure. Defendant Doe maintains that joinder is improper because the allegations in the complaint, while involving a single Work, involve

unrelated defendants who allegedly violated the copyright laws at different times and locations, sometimes using different services and perhaps subject to different defenses. Further, defendant claims that the nature of BitTorrent does not support plaintiff's claim that all John Doe IP addresses acted together for the entire relevant time period.

Defendant Doe relies on case law addressing alleged copyright infringement using P2P file sharing protocols that predate BitTorrent technology where the courts found that the use of the same P2P file sharing network by a group of Doe defendants to commit copyright infringement is insufficient to sustain permissive joinder. *See IO Group, Inc. v. Does 1-19*, No. C-10-03851-SI, 2010 U.S. Dist. LEXIS 133717 (N.D. Cal. Dec. 7, 2010); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fl. Apr. 1, 2004); *Artista Records v. Does 1-9*, No. 07-cv-961, 2008 U.S. Dist. LEXIS 57734 (S.D. Ohio July 29, 2008); *Artista v. Does 1-11*, No. 07-cv-2828, 2008 U.S. Dist. LEXIS 90183 (N.D. Ohio Nov. 3, 2008); *LaFace Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008); *Elektra Entertainment Group, Inc. v. Does 1-9*, No. 04-civ-2289, 2004 U.S. Dist. LEXIS 23560 (S.D.N.Y. Sept. 7, 2004).

Conversely plaintiff argues, similar to other plaintiffs filing BitTorrent copyright infringement cases across the country, that joinder of the twenty-three Doe defendants is proper because each Doe defendant was part of the same "swarm" simultaneously uploading and downloading plaintiff's Work. Plaintiff urges the court to adopt the decisions of some district courts that have found that Doe defendants who have participated in the same swarm to download a copyrighted work may properly be joined under Rule 20(a)(2), despite the authority that reaches a contrary conclusion with respect to earlier P2P technologies. *See Call of the Wild Movie*, 770 F. Supp. 2d at 343 (concluding that the

2:11-cv-15231-GCS-RSW   Doc # 8   Filed 03/26/12   Pg 6 of 13   Pg ID 110

plaintiffs met requirements of permissive joinder and that severance would "debilitate the plaintiffs' efforts to protect their copyrighted materials . . . ."); *Digital Sin, Inc. v. Does 1-176*, No. 12-cv-00126, 2012 WL 263491, \*4 (S.D.N.Y. Jan. 30, 2012)*; see also, Voltage Pictures, LLC v. Vazquez*, No. 10-00873, 2011 WL 5006942 (D.D.C. Oct. 20, 2011) (finding that joinder was proper and that the merits of the putative defendants defenses were not properly before the court until being named as a defendant); *Patrick Collins, Inc. v. John Does 1-33*, No. 11-cv-02163, 2012 WL 415424, \*3 (D. Colo. Feb. 8, 2012) (concluding that joinder was proper because "joinder of the Doe Defendants 'facilitates jurisdictional discovery and expedites the process of obtaining identifying information, [a] prerequisite to reaching the merits of plaintiff's claims."); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-cv-575-MMA, 2011 WL 1869923, \*5 (S.D. Cal. May 12, 2011) ("In this case, the complaint sufficiently alleges that defendants are properly joined due to the use of BitTorrent, which necessarily requires each user to be an uploader as well as a downloader."); *Patrick Collins v. Inc v. Does 1-22*, No. 11-cv-01772, 2011 WL 5439005, \*2-3 (D. Md. Nov. 8, 2011); *Patrick Collins v. Does 1-2590*, No. C-11-2766, 2011 WL 4407172, \*5 (N.D. Cal. Sept. 22, 2011).

Based on a review of the complaint, motions and briefing filed in the instant action, and the decisions analyzing whether joinder of unnamed Doe defendants utilizing BitTorrent technology in one action is permitted under Rule 20(a), the court concludes that simply alleging the use of BitTorrent technology, like earlier P2P file sharing protocols, does not comport with the requirements under Rule 20(a) for permissive joinder. Here, the alleged activity involves 23 different defendants, 4 different ISPs, and nearly three months of activity (7/15/2011 through 10/11/2011). This is insufficient to establish that the Doe

defendants were involved in the same transaction or series of transactions.

In the instant matter, the allegations reveal that each of the computers using the IP addresses (identified in Exhibit A to the complaint) connected to the investigative server in order to download a piece of the Work, identified by the hash value of 8F7C963137369FA874A32E468C1D432DAF0B859.  Each of the IP addresses connected to the investigative server at different times and dates to download a piece of the Work and there is no allegation that any of the computers associated with the IP addresses downloaded or uploaded pieces of the Work with each other.  That plaintiff has provided evidence that each of the defendants connected to the investigative server to download a piece of the Work does not show that each of the IP addresses acted in concert with all the other addresses in the swarm.  The nearly three month time span covering this activity suggests the likely possibility that there was never common activity linking the 23 addresses in this matter.  *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011); *K-Beech, Inc. v. John Does 1-41*, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, *10 (S.D. Tex. March 8, 2012) ("While [plaintiff] provides the precise date, hour, minute and second at which it alleges that each Doe Defendant was observed to be sharing the torrent of the copyrighted work, [plaintiff] does not indicate how long each Doe Defendant was in the swarm or if any of the Doe Defendants were part of the swarm contemporaneously.")  In *Hard Drive Productions*, the court held that

> [E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses "acted in concert" with all of the others.  In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.

809 F. Supp. 2d at 1163; *see also, Patrick Collins, Inc. v. John Does 1-58*, No. 3:11cv-531-

JAG, 2011 U.S. Dist. LEXIS 120235, *5-6 (E.D. Va. Oct. 5, 2011); *Boy Racer, Inc. v. Does 1-98*, No. C-11-02536-JCS, 2011 U.S. Dist. LEXIS 11930, *2 (N.D. Cal. Oct. 14, 2011).

In addition, plaintiff's complaint is devoid of any information concerning the number of users in the swarm involved, which easily can reach numbers in the hundreds of thousands. The nature of the BitTorrent protocol enables its users to share files in a relatively quick time frame, ranging anywhere from fifteen minutes to a few hours. The absence of information concerning the number of total users in the swarm, coupled with the BitTorrent protocol's ability to quickly share files further demonstrates that it is implausible that any of the Doe defendants were simultaneously sharing pieces of plaintiff's Work. *See Hard Drive Prods., Inc.* 809 F. Supp. 2d at 1163 ("In this age of instant digital gratification, it is difficult to imagine, let alone believe, that an alleged infringer of the copyrighted work would patiently wait six weeks to collect the bits of the work necessary to watch the work as a whole.") Thus, the absence of any allegations that a particular user downloaded a piece of the Work from, or uploaded a piece of the Work to, another user in the swarm highlights the absence of any reason to conclude that the Doe defendants were engaged in the same transaction or series of transactions. *See Patrick Collins, Inc. v. John Does 1-54*, 2012 U.S. Dist. LEXIS 36232, *14 (D. Ariz. March 19, 2012) ("[A]bsent allegations that any particular user copied a piece of the file from or to any other particular user, one could not conclude that the users 'were engaged in the single transaction or series of closely-related transactions recognized under Rule 20."). In short, the connection plausibly alleged among defendants named in this case is nothing more than alleged in the prior P2P file sharing cases.

Based on plaintiff's failure to sufficiently allege that the Doe defendants engaged in

the same series of transactions with respect to their alleged infringing conduct, the court concludes that the Doe defendants have been improperly joined and severs Doe defendants 2-23 from this action under Rule 21. The court rejects plaintiff's argument that allowing severance of the Doe defendants will prevent copyright holders from being able to protect their ownership rights. The court's decision does not prevent plaintiff from bringing separate actions against each individual Doe defendant. *See Lightspeed v. Does 1-1000*, No. 10-C-5604, 2011 U.S. Dist. LEXIS 35392, * 6 (N.D. Ill. March 31, 2011) (rejecting the plaintiff's argument that joinder at this stage of the litigation serves the interests of judicial economy); *see also, K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS, at *14-15 (rejecting plaintiff's argument that severing the Doe defendants would prevent plaintiff from being able to enforce its copyright.) That many ISPs do not retain accurate records which may thwart plaintiff's efforts to identify significant numbers of infringing defendants is immaterial to this court's analysis of the propriety of permissive joinder under the Federal Rules of Civil Procedure. Likewise, plaintiff's desire to keep its litigation costs low also fails to persuade the court that severance is inappropriate. As one court stated:

> Plaintiff's motive for seeking joinder, therefore, is to keep its own litigation costs down in hopes that defendants will accept a low initial settlement demand. However, filing one mass action in order to identify hundreds of Doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for.

*IO Group, Inc. v. Does 1-435*, No. C-10-04382-SI, 2011 U.S. Dist. LEXIS 14123, *9 (N.D. Cal. Feb. 3, 2011). The court also rejects plaintiff's argument that allowing this case to proceed with 23 joined defendants is more efficient than filing 23 separate actions. As the court in *Hard Drive Prods., Inc.* explained:

> [E]ven though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings–a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition –creating a thoroughly unmanageable situation.  The courtroom proceedings would, in effect, require a mini-trial.  These burdens completely defeat any supposed benefit from the joinder of all Does in this case[.]

809 F. Supp. 2d at 1164.

While some district courts have determined that the joinder issue should be addressed after the ISPs have provided the Doe defendants' identifying information, the court disagrees with these decisions.  *See Voltage Pictures, LLC v. Vazquez*, No. 10-00873, 2011 WL 5006942, *7 (D.D.C. Oct. 20, 2011); *Patrick Collins, Inc. v. John Does 1-33*, No. 11-cv-02163, 2012 WL 415424, *3 (D. Colo. Feb. 8, 2012) (denying without prejudice motion to sever because joinder did not prejudice any of the Doe defendants who had not yet been served with a copy of the complaint); *Call of the Wild v. Does 1-1,062*, 770 F. Supp. 2d at 344.  The court agrees with the reasoning in *Artista Records, LLC v. Does 1-11*, No. 1:07-cv-2828, 2008 U.S. Dist. LEXIS 90183, *12 (N.D. Ohio Nov. 3, 2008).  While *Artista Records* involves alleged copyright infringement utilizing P2P protocols prior to the advent of BitTorrent, this does not change the analysis.

Rule 21 provides that a court, on motion or on its own, may "at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.  As the court finds that the Doe defendants have been improperly joined, allowing plaintiff to proceed with its lawsuit until the Doe defendants have been identified will pervert the joinder rules.  *Artista Records, LLC*, 2008 U.S. Dist. LEXIS, at *15.  "Postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of

dollars and only encourages Plaintiffs and other members of the [Recording Association of America] to join (or misjoin) as many doe defendants as possible." *Id.* at *17 (citing *Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434-SJO (C.D. Cal. Aug. 29, 2007)).

Further, it cannot be ignored that the nature of P2P file sharing infringement cases inevitably produces varying defenses that require severance. Many courts have recognized that the ISP may produce identifying information associated with the individual who opened the account for internet service, rather than the individual who uses the internet connection for illegal purposes. *See K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS, at *12-13. "For example, 'ISP subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works.'" *Id.* at *13 (citing *Third Degree Films v. Does 1-3,577*, No. C-11-02768-LB, 2011 U.S. Dist. LEXIS 128030, *4 (N.D. Cal. Nov. 4, 2011)).

B.    Rule 45(c)(3)

Defendant Doe moves to quash the subpoenas served upon his ISP, as well as those served on the other Doe defendants' ISPs. Under Rule 45(c)(3), this court must modify or quash a subpoena that: (1) fails to allow a reasonable time to comply, (2) requires a non-party to travel more than 100 miles from where that person resides, is employed, or regularly transacts business, (3) requires disclosure of privileged or other protected matter that is not subject to an exception or waiver, or (4) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A). A court may modify or quash a subpoena if it requires disclosure of (1) confidential information, (2) an unretained expert's opinion or (3) requires a non party to incur substantial expense to travel more than 100 miles to attend trial. *See* Fed. R. Civ. P. 45(c)(3)(B).

Defendant Doe does not argue that any of the factors requiring or permitting this court to quash the subpoenas apply.  He has not asserted that complying with the subpoenas requires disclosure of confidential or privileged information or is unduly burdensome.  Rather defendant's argument relies solely on the assertion that defendants have been improperly joined in this matter.  However, the court quashes the subpoenas served upon Doe defendants 2-23s' ISPs as those defendants are no longer in this action.  The subpoena served upon Doe defendant 1's ISP remains in effect.  Should plaintiff decide to file separate individual actions against Doe defendants 2-23, plaintiff may move for leave to file a third party subpoena prior to Rule 26(f) conference in those actions.

### IV.    CONCLUSION

For the foregoing reasons, the court GRANTS Defendant John Doe's Motion to Quash in part and to Sever [#5].  The court hereby severs and dismisses from this action Doe defendants 2-23, except Doe defendant 1 associated with the IP address 71.238.74.7 (the first Doe listed on exhibit A to the complaint).   The subpoena served upon Doe defendant 1's ISP remains in effect.  All of the subpoenas seeking discovery regarding Doe defendants 2-23 are ordered QUASHED.  Plaintiff SHALL IMMEDIATELY notify the ISP recipients of these subpoenas that said subpoenas have been quashed and that the Doe defendants (except for Doe 1) have been severed from, and are not litigants in this case.

Civil Action 2:11-cv-15231 is hereby assigned to Doe 1 as an individual defendant.  Plaintiff may file individual complaints against Doe defendants 2-23.  Such cases will be

assigned separate civil action numbers.

    SO ORDERED.

Dated: March 26, 2012

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 26, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---